IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
: 
JENNIFER BLAIR, : Civil Action No. 17–CV–383
:
Plaintiff, :
: **COMPLAINT**
v. :
:
BROOKLYN TRANSPORTATION CORP., : JURY TRIAL DEMANDED
:
Defendant. :
:
-------------------------------------------------------------x

Plaintiff Jennifer Blair brings this lawsuit against Defendant Brooklyn Transportation Corporation and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on a claim of sex discrimination committed by Defendant (i) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq., as amended by, among others, the Civil Rights Act of 1991 ("Title VII"), (ii) in violation of the New York State Human Rights Law, NY Executive Law § 290 et seq., and (iii) in violation of the New York City Human Rights Law, NYC Admin. Code § 8-101 et seq.

2. Ms. Blair seeks declaratory and injunctive relief, compensatory and punitive damages, lost wages and benefits, and costs.

## THE PARTIES

3. Plaintiff Jennifer Blair is a transgender female who resides at 8925 Parsons Boulevard, Room 414, Jamaica, NY 11432.

4. Defendant Brooklyn Transportation Corporation is a school bus transportation service provider incorporated in New York. Its principal place of business is in Brooklyn, and it maintains an office at 3167 Atlantic Avenue, Brooklyn, New York 11208.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f) and (g) and 28 U.S.C. §§ 1331, 1343(a)(4), 2201 and 2202 and has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and principles of pendent jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. This Court has personal jurisdiction over Defendant pursuant to CPLR § 301 because Defendant is incorporated in the State of New York and Defendant's principal place of business is in the State of New York.

8. On or about November 12, 2014, Ms. Blair timely filed charges of sex discrimination with the Equal Employment Opportunity Commission ("EEOC").

9. On or about June 20, 2016, the EEOC issued a reasonable cause determination and began attempting conciliation, which failed.

10. On or about December 6, 2016, Ms. Blair received a Notice of Right to Sue dated November 30, 2016.

11. Ms. Blair has fully complied with all statutory and administrative prerequisites for filing this action.

## FACTUAL BACKGROUND

12. Ms. Blair was hired by Defendant in 2007 as a bus driver based in Defendant's office at 3167 Atlantic Avenue in Brooklyn.

13. At the time of her hiring, Ms. Blair's gender, gender identity, and gender expression were female. Ms. Blair's supervisors, co-workers, and peers strictly referred to her by her preferred name, Jennifer Blair.

14. Defendant was aware of Ms. Blair's transgender female status because Ms. Blair dressed and presented herself as a female, however, because Ms. Blair had not yet legally changed her name and sex, her employment-related documentation, as well as her paychecks, displayed her former name, Keith Edward Blair.

15. In 2009, Ms. Blair changed her legal name to Jennifer Blair. At that time, she updated all the documentation required for her employment, including her commercial drivers' license and related paperwork, social security records, and company paperwork, to reflect her new legal name.

16. The one exception was that Ms. Blair was not permitted to change the gender marker on her drivers' license from male to female because a DMV clerk told her, incorrectly, that proof of genital surgery was required.

17. In or around Summer 2013, Ms. Blair began working under the supervision of a new manager, William Lewis, who had access to employee personnel files containing their personal information.

18. During the course of Ms. Blair's employment, Mr. Lewis repeatedly attempted to get Ms. Blair's attention while she was at work and made inappropriate comments toward her.

19. In February 2014, Ms. Blair was subjected to an adverse employment action when Mr. Lewis, notwithstanding his knowledge of Ms. Blair's status as a transgender female, intentionally issued her medical certification form under her former name, Keith Edward Blair.

20. From 2009, when the change in Ms. Blair's legal name took effect, until February 2014, Ms. Blair's medical certification form had been issued under her legal name, Jennifer Blair.

21. The medical certification form is required for Ms. Blair to obtain medical clearance to continue operating a bus pursuant to New York State Department of Transportation and federal regulations. In particular, to obtain medical clearance in compliance with New York State Vehicle and Traffic Law § 19-A, drivers are required provide the medical certification form to a designated medical provider and obtain an annual physical exam. Upon completing the exam, drivers receive a "white card" indicating that they have complied with medical safety requirements.

22. Because Ms. Blair is diabetic, she is required to get a physical examination every six months.

23. Until February 2014, Ms. Blair had consistently obtained medical clearance without any problems.

4

24. After receiving the medical certification form under her former name, Ms. Blair immediately alerted Defendant of the error and requested new paperwork under her legal name.

25. Defendant did not reissue the paperwork, even though Defendant had full knowledge that doing so would prevent Ms. Blair from obtaining the physical exam necessary to renew her commercial license.

26. As a result, in June 2014, Ms. Blair received notice from Defendant that her medical clearance had lapsed and that she was no longer qualified to operate a commercial vehicle effective June 4, 2014.

27. The error on Ms. Blair's medical certification form led Ms. Blair's co-workers to discover Ms. Blair's status as transgender and resulted in emotional distress and a loss of privacy.

28. In June 2014, although she lacked the necessary paperwork under her legal name, Ms. Blair went to a designated medical provider, JFK Medport, and requested a physical examination.

29. After an employee at JFK Medport confirmed Ms. Blair's employment, the employee informed Ms. Blair that since her last physical exam, the requirements for medical clearance for diabetic drivers had been changed to require an evaluation by an endocrinologist.

30. Ms. Blair made the earliest possible appointment with an endocrinologist for July 29, 2014, after which she was evaluated and medically cleared to resume driving, although the relevant state agencies did not finish processing her paperwork until October 2014.

31. Ms. Blair was suspended from her employment without pay from June 4 to October 29, 2014.

32. During this time, Defendant failed to provide Ms. Blair with alternative work in a non-driving position in violation of Title VII.

33. Ms. Blair filed a charge with the EEOC on or about November 12, 2014, alleging sex discrimination and harassment. A true and correct copy of the EEOC charge is attached hereto as Exhibit A.

34. After reviewing evidence submitted by both Ms. Blair and Defendant, on June 20, 2016, the EEOC issued a reasonable cause determination. A true and correct copy of the EEOC's Determination is attached hereto as Exhibit B.

35. The EEOC found that Ms. Blair "was subjected to gender discrimination when [her] medical clearance form was incorrectly issued in her former name, and she incurred a loss of income when she was suspended without pay, all in violation of Title VII." The EEOC additionally determined that Defendant "failed to take prompt and appropriate corrective action by offering [Ms. Blair] alternative work in a non-driving position and/or immediately correcting the name to reflect [Ms. Blair's] preferred legal name."

36. The EEOC attempted conciliation, but that effort failed.

37. Ms. Blair requested a Notice of Right to Sue, which was issued on November 30, 2016. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit C.

**FIRST CAUSE OF ACTION**

6

38. Ms. Blair incorporates the allegations set forth in all prior paragraphs of this Complaint as if set forth fully herein.

39. Defendant is an employer within the meaning of Title VII.

40. At all relevant times, Ms. Blair was an employee within the meaning of Title VII.

41. Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended by, among others, the Civil Rights Act of 1991, by discriminating against Ms. Blair with regard to the terms of her employment.

## SECOND CAUSE OF ACTION

42. Ms. Blair incorporates the allegations set forth in all prior paragraphs of this Complaint as if set forth fully herein.

43. Defendant is an employer within the meaning of the New York State Human Rights Law.

44. At all relevant times, Ms. Blair was an employee within the meaning of the New York State Human Rights Law.

45. Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of the New York State Human Rights Law, NY Exec. L. § 290 et seq., and, more particularly, NY Exec. L. § 296, by discriminating against Ms. Blair with regard to the terms of her employment.

## THIRD CAUSE OF ACTION

46. Ms. Blair incorporates the allegations set forth in all prior paragraphs of this Complaint as if set forth fully herein.

47. Defendant is an employer within the meaning of the New York City Human Rights Law.

48. At all relevant times, Ms. Blair was an employee within the meaning of the New York City Human Rights Law.

49. Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of the New York City Human Rights Law, NYC Admin Code § 8-101 et. seq., and, more particularly, NYC Admin. Code § 8-107, by discriminating against Ms. Blair with regard to the terms of her employment.

50. Defendant is liable for the actions and inactions of its agents and employees, including without limitation Mr. Lewis, pursuant to the New York City Human Rights Law, NYC Admin. Code § 8-107(13).

51. A copy of this Complaint will be timely served upon the New York City Commission on Human Rights and the Corporation Counsel.

### DEMAND FOR JURY TRIAL

Ms. Blair demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Blair respectfully requests that this Court enter judgment:

a. On the first cause of action, declaring that Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of Title VII of the Civil

Rights Act of 1964, as amended by, among others, the Civil Rights Act of 1991, by discriminating against Ms. Blair with regard to the terms of her employment.

    b. On the second cause of action, declaring that Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of the New York State Human Rights Law, NY Exec. L. § 290 et seq., and, more specifically, NY Exec. L. § 296, by discriminating against Ms. Blair with regard to the terms of her employment.

    c. On the third cause of action, declaring that Defendant engaged in unlawful discrimination against Ms. Blair on the basis of her gender, in violation of the New York City Human Rights Law, NYC Admin Code § 8-101 et. seq., and, more specifically, NYC Admin. Code § 8-107, by discriminating against Ms. Blair with regard to the terms of her employment.

    d. On all causes of action, awarding compensatory damages for personal injury and past, present, and future pain and suffering (collectively referred to as "Compensatory Damages") and punitive damages in the maximum amounts permitted by law, together with full compensation for all past lost wages and benefits.

    e. On all causes of action, awarding reasonable attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964, as amended by among others, 42 U.S.C. § 1988, the New York State Human Rights Law, NY Exec. L. § 297(10), the New York City Human Rights Law, NYC Admin Code § 8-101 et. seq., and any other applicable fee shifting statutes.

    f. Granting Ms. Blair all costs incurred and disbursements paid in the course of this action;

    g. Granting Ms. Blair pre-judgment interest; and

   h.  Granting Ms. Blair such other and further relief as the Court deems just and proper.

New York, New York
January 24, 2017

               By:  s/ *Neil K. Roman*
                   Neil K. Roman
                   COVINGTON & BURLING LLP
                   The New York Times Building
                   620 Eighth Avenue
                   New York, New York 10018-1405
                   (212) 841-1000
                   nroman@cov.com

                   Beth E. Goldman
                   New York Legal Assistance Group
                   7 Hanover Square, 18th Floor
                   New York, New York 10004
                   (212) 613-6561
                   kbromberg@nylag.org

                   Katherine L. Bromberg, of Counsel

                   *Counsel for Plaintiff Jennifer Blair*