UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JENNIFER BLAIR,                                          :
                                                         :
                              Plaintiff,                 :
                                                         :       **MEMORANDUM AND ORDER**
           -against-                                     :
                                                         :       17-CV-383 (DLI) (ST)
BROOKLYN TRANSPORTATION CORP.,                           :
                                                         :
                              Defendant.                 :
                                                         :
------------------------------------------------------------ x

**DORA L. IRIZARRY**, Chief United States District Judge:

Plaintiff Jennifer Blair ("Plaintiff") is a transgender female residing in Jamaica, New York. (Complaint, ("Compl.") Dkt. Entry No. 1, ¶ 3.) Defendant Brooklyn Transportation Corp. ("Defendant") is a school bus transportation service provider incorporated in New York. (Compl. ¶ 4.) Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* ("NYCHRL"). Plaintiff requests a declaratory judgment, as well as compensatory damages for personal injury and all past lost wages and benefits, punitive damages in the maximum amounts permitted by law, and reasonable attorneys' fees. (*See generally* Compl.)

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant moved to dismiss the Complaint for failure to state a claim for relief. (*See* Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mot."), Dkt. Entry No. 12-1.) Plaintiff opposed the motion, (*See* Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n."), Dkt. Entry No. 13.), and Defendant replied. (*See* Def.'s Reply Mem. In Supp. Of Mot. To Dismiss ("Def.'s Reply"), Dkt. Entry No. 14.)

**Background**

Plaintiff is a transgender female residing in Jamaica, New York. (Compl. ¶ 3.) Defendant is a school bus transportation service provider incorporated in New York, with its principal place of business in Brooklyn. (*Id.* ¶ 4.) Defendant hired Plaintiff in 2007 as a bus driver. (*Id.* ¶ 12.) When Plaintiff was hired, her gender, gender identity, and gender expression were all female, and her co-workers referred to her as Jennifer Blair. (*Id.* ¶ 13.) However, at the time of Plaintiff's hiring, Plaintiff's legal name was Keith Edward Blair. (*Id.* ¶ 14.) Therefore, Plaintiff's employment-related documentation and paychecks displayed her former name. (*Id.*) Thus, Defendant was aware of Plaintiff's transgender status.

In 2009, Plaintiff legally changed her name to Jennifer Blair and updated her required employment documentation, including paperwork related to her commercial driver's license, social security records, and company paperwork accordingly. (*Id.* ¶ 15.) Plaintiff alleges that she was not permitted to change the gender marker on her driver's license. (*Id.* ¶ 16.)

In or around summer 2013, Plaintiff began working under a new manager, William Lewis ("Lewis"). (*Id.* ¶ 17.) Lewis had access to employee personnel files, which contained employees' personal information. (*Id.*) Plaintiff alleges that Lewis repeatedly tried to get her attention while she was at work and made inappropriate comments toward her based on sex. (*Id.* ¶ 18; Exhibit A, Dkt. No. 1-2.)[1]

In February 2014, Lewis issued Plaintiff's medical certification form under her former name, Keith Edward Blair. (Compl. ¶ 19.) Plaintiff needed this certification form to obtain medical clearance in order to continue operating a bus. (*Id.* ¶ 21; New York State Vehicle and Traffic Law

---

[1] While the complaint itself does not use this particular language ("based on sex"), this was the language used in Plaintiff's EEOC charge of discrimination, which is attached to the complaint as Exhibit A. "A complaint is deemed to include any written instrument attached to it as an exhibit." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted); Fed. R. Civ. P. 10(c).

2

§ 19-A.) The medical certification form utilized by Defendant is a handwritten form with a space to write in the employee's name, social security number, company, and position, among other details. (Def.'s Mot., Exhibit A & B, Dkt. No. 12-2.)[2] In order to obtain medical clearance in compliance with New York law, drivers have to provide the medical certification form to a designated medical provider and get an annual physical examination. (Compl. ¶ 21; New York State Vehicle and Traffic Law § 19-A.) Plaintiff is required to obtain a physical examination every 6 months since she is diabetic. (Compl. ¶ 22.)

Until February 2014, Plaintiff had received her medical certification form with no issues. (*Id*. ¶ 23.) When Plaintiff received the medical certification form under her former male name, Plaintiff immediately alerted Defendant to the error and requested updated paperwork under her legal name. (*Id*. ¶ 24.) However, Defendant did not reissue the paperwork even though Defendant was aware this form was necessary for Plaintiff to obtain a physical exam to renew her commercial driver's license. (*Id*. ¶ 25.)

Plaintiff received a letter from Defendant in June 2014 that she was no longer qualified to operate a commercial vehicle as her medical clearance had lapsed effective June 4, 2014. (*Id*.) At this time, Plaintiff went to a designated medical provider and "convinced"[3] the medical provider to call Defendant in order to get the information necessary for the evaluation, rather than rely on the inaccurate form. (*Id*. ¶ 28.) Plaintiff was informed during her physical examination that the

---

[2] While the medical certification forms filled out by Defendant are not included in Plaintiff's complaint, "[a] complaint is deemed to include . . . materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira*, 380 F.3d at 67 (citations omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). In this case, Plaintiff mentions the medical certification forms in her complaint, but does not cite or attach them to her complaint. (Compl. ¶ 19–21, 24, 27.) While Plaintiff does not cite to or attach the medical certification forms to her complaint, these are "integral" to the complaint because the issuance of the incorrect medical certification form is the adverse action Plaintiff complains of.

[3] While the complaint itself does not use this particular language, this was the language used in Plaintiff's EEOC charge of discrimination, which is attached to the complaint as Exhibit A. "A complaint is deemed to include any written instrument attached to it as an exhibit." *Sira*, 380 F.3d at 67 (citations omitted); Fed. R. Civ. P. 10(c).

requirements for diabetic drivers to obtain medical clearance now required an evaluation by an endocrinologist. (*Id*. ¶ 29.) Plaintiff made the earliest appointment available to see an endocrinologist, July 29, 2014. (*Id*. ¶ 30.) After the July 29 appointment, Plaintiff was medically cleared to resume driving, but the relevant state agencies did not finish processing Plaintiff's paperwork until October 2014. (*Id*.)

Plaintiff was suspended from her employment without pay from June 4 to October 29, 2014. (*Id*. ¶ 31.) Defendant did not provide Plaintiff with alternative work in a non-driving position during this time. (*Id*. ¶ 32.)

On November 12, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and harassment. (*Id*. ¶ 33; *See also* Exhibit A, Dkt. No. 1-2.) On June 20, 2016, the EEOC issued a reasonable cause determination, finding that Plaintiff "was subjected to gender discrimination when [her] medical clearance form was incorrectly issued in her former name, and she incurred a loss of income when she was suspended without pay, all in violation of Title VII." (Compl. ¶ 34–35; *See also* Exhibit B, Dkt. No. 1-3.) The EEOC also determined that Defendant "failed to take prompt and appropriate action by offering [Ms. Blair] alternative work in a non-driving position and/or immediately correcting the name to reflect [Ms. Blair's] preferred legal name." (Compl. ¶ 35; *See also* Exhibit B, Dkt. No. 1-3.) The EEOC attempted conciliation between the parties, but those efforts failed. (Compl. ¶ 36.) Plaintiff requested a Notice of Right to Sue, which was issued on November 30, 2016. (*Id*. ¶ 37; *See also* Exhibit C, Dkt. No. 1-4.)

## Discussion

### I. Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**II. Failure to State a Claim under Title VII, NYSHRL, NYCHRL**

    1.   **Claims under Title VII and NYSHRL**

Legal Standard

In order to establish a *prima facie* case for employment discrimination under Title VII and NYSHRL, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination. *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008) (citing *Feingold v. New York*, 366 F.3d 138,152 (2d Cir. 2004)); *See also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) ("New York courts examine claims under [NYSHRL] with the same analytical lens as corresponding Title VII-based claims."). "Because NYSHRL claims are subject to the same standard as Title VII claims, [the Court] will consider them together, except [if] otherwise noted." *Soloviev v. Goldstein*, 104 F. Supp.3d 232, 246 (E.D.N.Y. 2015) (citing *Salazar v. Ferrara Bros. Bldg. Materials Corp.*, 13-CV-3038, 2015 WL 1535698, at *5 (E.D.N.Y. Apr. 6, 2015)). Defendant does not move to dismiss on the first element, but disputes Plaintiff's allegations that she was qualified for the position, that she suffered an adverse employment action, and that this is an adverse employment action that took place under circumstances giving rise to an inference of discrimination. (*See generally* Def.'s Mot.)

Protected Class

The parties stipulate that, as a transgender female, Plaintiff is a member of a protected class. (Def.'s Mot. at 6; Pl.'s Opp'n. at 6.)

Qualifications for the Position

In order to make a *prima facie* showing that Plaintiff was qualified for the position, Plaintiff "need only make the minimal showing that she possesses the basic skills necessary for performance of [the] job." *Gregory v. Daly*, 243 F.3d 687, 696 (2d. Cir. 2001) (internal quotations omitted). Furthermore, in a case where "the employer has already hired the employee into the job in question, the inference of minimal qualification is, of course, easier to draw. . . because, by hiring the employee, the employer has already expressed a belief that she is minimally qualified." *Id.*

Here, Plaintiff has pled adequately that she was qualified for the position. Plaintiff had been working for Defendant since 2007, and consistently had obtained medical clearance without any problems until February 2014, when Defendant issued Plaintiff the incorrect medical certification form. (Compl. ¶ 12, 19, 23.) This supports an inference that Plaintiff was qualified for the position.

Defendant claims that Plaintiff was not qualified for the position because Plaintiff no longer possessed a valid commercial driver's license at the time of her suspension. (*See* Def.'s Mot. at 6–7; Def.'s Reply at 3–4.) This argument, however, is without merit. The Court considers Plaintiff's qualifications on the date the alleged adverse employment action occurred. *See Soloviev*, 104 F. Supp.3d at 248 (assessing plaintiff's qualifications at the time he was fired).

In this case, the alleged adverse employment action (*i.e.* the issuing of the medical certification form with Plaintiff's former male name) occurred in February 2014. (Compl. ¶ 19, 26.) At the time of the adverse employment action, Plaintiff possessed a valid commercial driver's license. (*See id.* ¶ 26.) Thus, Plaintiff has pled sufficiently her qualification for the position.

Adverse Employment Action

An adverse employment action is defined as a "materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (citing *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999)). To qualify as "materially adverse," an employment action must be "more disruptive than mere inconvenience or an alteration of job responsibilities." *Id.* (citing *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993). The Second Circuit cites "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities" as examples. *Id.*

Plaintiff has pled sufficiently that she suffered an adverse employment action when she was issued a medical certification form with her former male name. Accepting the facts alleged in the complaint as true, and drawing all inferences in favor of Plaintiff, Defendant's employment action at issue is "adverse" within the meaning of Title VII. Defendant's action led to Plaintiff being unable to renew her commercial license and resulted in a loss of material benefits in the form of lost wages during Plaintiff's suspension.

Defendant counters that issuing Plaintiff a medical certification form with her former name is not significant enough to constitute an adverse employment action and, instead, should be considered an "administrative error." (Def.'s Mot. at 8.) Defendant claims that, because Plaintiff was subsequently issued a corrected form, the issuance of the form in Plaintiff's former name initially cannot constitute an adverse employment action. (*Id.* at 9.) Defendant argues that, even if Plaintiff had stated an adverse action, it is irrelevant because issuing Plaintiff an incorrect medical certification form had no effect on her employment status as she remained employed from the day she was issued the incorrect medical certification form until her medical clearance lapsed. (Def.'s

Mot. at 9; Def.'s Reply at 5.) Rather, Defendant claims that Plaintiff's lapse in medical certification occurred due to the change in the law requiring diabetics to be examined by an endocrinologist and Plaintiff's failure to keep abreast of changes in the law. (*Id*. at 9; Def.'s Reply at 5–6). Lastly, Defendant notes that Plaintiff was able to get a physical examination even without the corrected form. (Def.'s Reply at 5.)

The Court finds these arguments unpersuasive. First, Defendant misconstrues the 12(b)(6) standard. Under Rule 12(b)(6) the Court is required to accept all facts presented in the complaint as true and draw all inferences in favor of the plaintiff. There are no facts in the complaint that allow the Court to conclude that Defendant made an administrative error when it issued Plaintiff a medical certification form with Plaintiff's former name. On the contrary, the complaint supports an inference that Defendant's actions resulted in more than "a mere inconvenience" to Plaintiff. Due to Defendant's actions, Plaintiff was unable to renew her commercial driver's license, which resulted in a subsequent five-month suspension and material loss of benefits.

Defendant's argument that Plaintiff's lapse in medical certification was a result of the change in the law is not supported by the Complaint either. Taking all facts in the Complaint as true, and drawing all inferences in favor of Plaintiff, it is possible that, had Plaintiff received a correct medical certification form initially, or if Defendant had corrected the form as soon as Plaintiff raised the issue, Plaintiff might have been able to meet the new requirement that diabetics see an endocrinologist in time to renew her license seamlessly. (Pl.'s Opp'n. at 10.) Furthermore, the fact that Defendant eventually issued Plaintiff a corrected medical certification form, or that Plaintiff was able to get a medical examination even without the form, is irrelevant. These actions did not occur until after Plaintiff's medical certification lapsed, supporting the inference that Defendant's actions were the cause of Plaintiff's lapse in medical clearance. (Pl.'s Opp'n. at 9;

9

Exhibit A, Dkt. No. 1-2.) Thus, Plaintiff has pled adequately that she suffered an adverse employment action.

Circumstances Giving Rise to an Inference of Discrimination

The Second Circuit has held that "at the pleadings stage of an employment discrimination case, a plaintiff has a '*minimal* burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead*, 801 F.3d 72, 85 (2d Cir. 2015) (citing *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015)). To survive a motion to dismiss in a Title VII case, "a plaintiff must plausibly allege that (1) the employer took adverse action against him; and (2) his race, color, religion, sex, or national original was a motivating factor in the employment decision." *Id.* at 87. The plaintiff "may do so by alleging facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the [adverse action].'" *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (citing *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). "Such circumstances can include 'actions or remarks made by decisionmakers that could be viewed as reflecting discriminatory animus.'" *Soloviev*, 104 F. Supp.3d at 248 (citing *LaSalle v. City of N.Y.*, 13-CV-5109, 2015 WL 1442376, at *2 (S.D.N.Y. Mar. 30, 2015)). Additionally, the Court may consider the totality of the relevant facts, including allegations of discrimination that do not rise to the level of adverse employment actions, to shed light on Defendant's motivation. *Vega*, 801 F.3d at 88 (citing *Washington v. Davis*, 426 U.S. 229, 242 (1976)).

Plaintiff's allegations are sufficient for the Court to infer that Defendant discriminated against Plaintiff. Defendant was aware of Plaintiff's transgender status because, when Plaintiff began working for Defendant, she presented herself as, and dressed as, a woman, but had not changed her name legally yet. (Compl. ¶ 14.) Lewis was aware of Plaintiff's status as a transgender female as he had access to all employee personnel files. (Compl. ¶ 17.) Plaintiff alleges that, during the course of her employment, her manager repeatedly made unwanted and inappropriate comments towards her based on sex. (Compl. ¶ 4; Exhibit A, Dkt. No. 1-2.) While these comments on their own do not constitute an adverse employment action, they "provide relevant background evidence by shedding light on Defendant's motivation." *Vega,* 801 F.3d at 85 (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. 101 (2002).

Given these allegations, Defendant's issuance of Plaintiff's medical certification form in her former male name reasonably can be said to have taken place under circumstances giving rise to the inference of discrimination. Furthermore, the medical form is a handwritten form, filled out by Lewis, that easily could have been corrected once Defendant was alerted to the error. (Exhibit A & B, Dkt. No. 12-2, 12-3.) Defendant presents no alternative explanation for why the form was not corrected promptly when they were alerted to the error. (*See generally* Def.'s Mot.) This supports an inference that Defendant's actions were based on discriminatory animus.

Defendant argues that Plaintiff does not allege any facts that support the conclusion that the adverse employment action of which she complains happened because of her transgender status or was in any way tied to her gender identity. (*Id*. at 10.) For the purposes of this prong, Defendant tries to frame the adverse employment action that occurred as Plaintiff's suspension, and contends that this suspension was not based on discriminatory animus. (*Id*. at 13.) However, as established *supra*, the adverse employment action complained of is the issuing of the incorrect medical

11

certification form and, as Plaintiff argues, can be construed as being directly tied to her gender identity. (Pl.'s Opp'n. at 11.)

Defendant also asserts that, because Plaintiff's commercial driver's license still indicates Plaintiff's gender as male, issuing a form with her former male name cannot be considered discriminatory. (Def.'s Reply at 7.) This argument is unavailing. Lewis did not need to consult Plaintiff's driver's license in order to fill out the medical certification form because he was aware of Plaintiff's status as a transgender female. (Compl. ¶ 19.) Furthermore, the simple nature of the medical certification form itself supports an inference of discrimination because it would have been easy for Defendant to issue a corrected medical certification form, but Defendant did not do so even when alerted to the error. (*Id*. ¶ 25.)

Lastly, Defendant argues that, even if the action was discriminatory, it is equivalent to a stray remark. (Def.'s Reply at 7). The Court rejects this argument for the same reasons it rejected the argument that the issuance of the incorrect medical certification form was an "administrative error." Accepting all facts alleged in the Complaint as true, and drawing all inferences in favor of the Plaintiff, there is nothing to support that issuing the form under Plaintiff's former name was the equivalent of a "stray remark." In fact, Plaintiff alleges that Defendant had made unwanted and inappropriate comments towards her repeatedly based on sex. (Compl. ¶ 4; Exhibit A, Dkt. No. 1-2.) The cases Defendant uses to support its argument were decided on summary judgment, after discovery, not on motions to dismiss. *See Paul v. Postgraduate Center for Mental Health*, 97 F. Supp.3d 141 (E.D.N.Y. 2015); *Harrison v. North Shore University Hospital*, No. CV 04-2033 (WDW), 2008 WL 656674 (E.D.N.Y. Mar. 6, 2008). The Court finds the questions presented here are more appropriately decided after discovery has taken place. Thus, Plaintiff has pled sufficiently

that the adverse employment actions complained of occurred under circumstances giving rise to an inference of discrimination.

### 2. Claims under NYCHRL

Legal Standard

"NYCHRL claims . . . are reviewed independently from and more liberally than their federal and state counterparts." *Soloviev*, 104 F. Supp.3d at 246 (citing *LaSalle v. City of N.Y.*, 13-CV-5109, 2015 WL 1442376, at *3 (S.D.N.Y. Mar. 30, 2015). Under this more lenient legal standard, a "complaint must still allege facts on the basis of which a court can find differential treatment *i.e.*—the plaintiff was 'treated less well—because of a discriminatory intent.'" *Id.* (citing *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) and *LaSalle*, 2015 WL 1442376 at *3.) Defendant moves to dismiss this claim, arguing that Plaintiff makes only conclusory allegations that she was wronged because of her transgender status, and does not identify a specific situation in which she was treated differently than similarly situated employees. (*See* Def.'s Mot. at 13.)

Differential Treatment Because of a Discriminatory Intent

In order to survive a motion to dismiss, "a complaint must . . . allege facts on the basis of which a court can find differential treatment *i.e.*—the plaintiff was 'treated less well—because of a discriminatory intent.'" *Soloviev*, 104 F. Supp.3d at 246. (citing *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) and *LaSalle*, 2015 WL 1442376 at *3.) Even though this standard is more lenient than in the parallel federal and state statutes, "a complaint will not always pass muster under NYCHRL . . ." *Soloviev*, 104 F. Supp.3d at 250. "The plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive . . . . [i.e.] *because of* [the protected characteristic]." *Id.* (citing *Mihalik*, 715 F.3d at 110).

Plaintiff has pled sufficiently that the conduct complained of was caused by a discriminatory motive as discussed *supra*. While Plaintiff's factual allegations do not directly discuss how other similarly situated non-transgender diabetic employees are treated differently, accepting all allegations in the Complaint as true, the Court can draw an inference that other employees received their medical certification forms with their correct names as Plaintiff had for years. (Compl. ¶ 20.) Defendant could not operate as a bus company if it schemed to strip all of its drivers of their commercial driver's licenses. Defendant's argument that there is a complete absence of any discrimination, (Def.'s Mot. at 13), is unsupported by the allegations contained in the Complaint.

Based on Plaintiff's allegations, the Court concludes that she has satisfied the pleading requirements for a Title VII, NYSHRL, and NYCHRL claims.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
     March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge