UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JENNIFER BLAIR,

                Plaintiff,

            -against-

BROOKLYN TRANSPORTATION CORP.,

                Defendant.
------------------------------------------------------------------------X

Case No.: 17-CV-383 (DLI)(ST)

**ANSWER**

      Defendant Brooklyn Transportation Corp. by and through their attorneys, answers the complaint as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.     Admits the allegations contained in paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

      4.     Admits the allegations contained in paragraph 4 of the Complaint.

      5.     Admits the allegations contained in paragraph 5 of the Complaint.

      6.     Admits the allegations contained in paragraph 6 of the Complaint.

      7.     Admits the allegations contained in paragraph 7 of the Complaint.

      8.     Admits the allegations contained in paragraph 8 of the Complaint.

      9.     Admits the allegations contained in paragraph 9 of the Complaint.

      10.    Admits the allegations contained in paragraph 10 of the Complaint.

      11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

      12.    Admits the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Admits the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Admits that in June 2014, Ms. Blair received notice from Defendant that her medical clearance had lapsed and that she was no longer qualified to operate a commercial vehicle effective June 4, 2014.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Admits the allegations contained in paragraph 33 of the Complaint.

34. Admits the allegations contained in paragraph 34 of the Complaint.

35. Admits that the EEOC made such findings. Denies the remainder of the allegations contained in paragraph 35 of the Complaint.

36. Admits the allegations contained in paragraph 36 of the Complaint.

37. Admits the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Admits the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Admits the allegations contained in paragraph 43 of the Complaint.

44. Admits the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Admits the allegations contained in paragraph 47 of the Complaint.

48. Admits the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

Any alleged unlawful discriminatory or retaliatory conduct referred to in the Complaint, even if proved, would have been taken by Defendant for legitimate, nondiscriminatory reasons irrespective of any illegal discrimination or retaliation.

## AS AND FOR A THIRD DEFENSE

Any alleged unlawful discriminatory or retaliatory conduct referred to in the Complaint, even if proved, consists of nothing more than what a reasonable victim of discrimination would consider petty slight and trivial inconveniences.

## AS AND FOR A FOURTH DEFENSE

Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice, retaliation, and/or hostile work environment because no Defendant knew at any relevant time that his/her/its respective conduct was in violation of any law prohibiting discrimination, retaliation, and hostile work environment in employment on the basis of sex, sexual harassment, *quid pro quo* sexual harassment, and no Defendant was consciously indifferent to whether he/she/it violated any such laws or rights of Plaintiff under such laws.

## AS AND FOR A FIFTH DEFENSE

At all times relevant to the Complaint, Defendant engaged in good-faith efforts to comply

with their respective obligations under Title VII of the Civil Rights Act of 1964, New York State Executive Law, and the New York City Administrative Code relating to discrimination and unlawful retaliation.

## AS AND FOR A SIXTH DEFENSE

The damages complained of were not caused by Defendant's conduct or actions. To the extent Plaintiff has suffered any damages, which damages are denied, any such damages are the result of Plaintiff's own conduct and actions.

## AS AND FOR A SEVENTH DEFENSE

To the extent that Plaintiff suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to take reasonable steps to mitigate damages.

**WHEREFORE**, Defendant respectfully request that the Court dismiss the Complaint with prejudice and grant them such other and further relief as the Court should deem just and appropriate.

Dated: New York, New York
April 9, 20128

MINTZ & GOLD LLP

S/Jeffrey D. Pollack
Jeffrey D. Pollack
600 Third Avenue, 25th Floor
New York, New York 10016
Tel:    (212) 696-4848
Fax:   (212) 696-1231
pollack@mintzandgold.com
*Attorneys for the Defendant*